WELCH v. WILMINGTON &c. R. R. COMPANY.

1. DEMURRER—AMENDMENT—APPEAL—SPECULATIVE QUESTION.—Where the Circuit Judge rules, under oral demurrer, that the complaint does not state facts sufficient to show jurisdiction in the court of the county where the action was instituted, and refused leave to amend, the plaintiff may at once appeal, and thereby stay further proceedings on Circuit, or he may await final judgment, and then bring up these rulings for review; but plaintiff having, instead, excepted, and thereupon moved for and obtained an order changing the place of trial to another county, an appeal at once prosecuted from the order sustaining the demurrer, and refusing leave to amend, raises purely speculative questions, which this court cannot determine, even though the order of removal was granted "without prejudice to the exceptions and right of appeal of the plaintiff herein."

2. APPEAL dismissed without prejudice to further use by appellant of the exceptions upon which the appeal was based.

Before HUDSON, J., Sumter, April, 1893.

This was an action commenced in Sumter County on December 21, 1892, by Frank Welch against the Wilmington and

30—40

Weldon Railroad Company and the Northeastern Railroad Company, to recover damages for an injury received in a collision in Florence County on a railroad operated jointly by the defendant companies.

*Messrs. Lee & Moise,* for appellant.

*Messrs. Fitzsimons & Moffett* and *T. B. Fraser, jr.,* contra.

February 27, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. This cause came on for trial before Judge Hudson and a jury at the extra April Term, 1893, of the Court of Common Pleas for Sumter County. As soon as the complaint was read, an oral demurrer for want of jurisdiction was interposed by defendants. After argument, the Circuit Judge sustained the demurrer. The defendant sought leave by amendments to cure the jurisdictional defects, and, also, by proofs to show jurisdiction. Leave to amend was denied, as well as the right to introduce proofs of jurisdictional facts by the judge. Thereupon the plaintiff procured the passage of the following order by the judge: "The counsel for the defendant, the Northeastern Railroad Company, having demurred to the jurisdiction of the court upon the allegations of the complaint, and the same having been sustained as being brought in the wrong county; and the counsel for the plaintiff having moved to amend the complaint by alleging that the two defendants were at the time of the commencement of this action jointly operating as the lessees thereof the Central Railroad of South Carolina, running into the County of Sumter, with their agents and officers residing here; and, also, that at the time of the commencement of this action, the defendant, the Wilmington and Weldon Railroad Company, was operating, as lessee thereof, the Wilmington, Columbia and Augusta Railroad, running through the County of Sumter, which motion was refused; and the further motion of plaintiff's attorneys that they be allowed to produce evidence before the court now, showing the above facts. which was also refused, and exceptions duly taken to all such rulings: Now, on motion of the plaintiff's attorneys, the defendant's attorneys consenting, it is ordered, that the place

of trial of said action be changed to the County of Florence, in said State—this without prejudice to the exceptions and right of appeal of the plaintiff herein."

The plaintiff now appeals from the decision of the Circuit Judge: 1. In denying the court at Sumter jurisdiction to hear and determine the controversy between the parties to this action.   2. For refusing the motion of plaintiff. to introduce testimony to prove that the defendants were operating railroads in the County of Sumter, as lessees thereof, when the action was commenced.   3. For refusing to allow plaintiff to amend his complaint by alleging, that at the time of the commencement of this action, both of said defendants were operating as joint lessees thereof the Central Railroad of South Carolina, a railroad running into the County of Sumter, with officers and agents residing there.  4. For refusing to allow an amendment of the complaint, by alleging that the Wilmington and Weldon Railroad Company was operating as sole lessee the Wilmington, Columbia and Augusta Railroad, a railroad running through Sumter County, with its officers and agents residing there.

Preliminary to any consideration of the merits of these several grounds of appeal, the respondents raise the question, that by the plaintiff-appellant having, on his own motion, procured the passage of the order of the Circuit Judge for the transfer of the action for trial to Florence County, all the grounds of his appeal have become speculative merely, and, under the uniform practice of this court, such an appeal must be dismissed.   It will be observed, that no question is made by any of the grounds of appeal submitted by the appellant of the order of the Circuit Judge transferring the action for trial to Florence County.   Having been made on his motion, the appellant could not well question such order.   To this the appellant responds by calling attention to the fact, that by the very recitals in the order, it is manifest that such order, although, on his motion, was *in invitum*, and, also, that it is expressly stipulated in such order that his right of appeal from the order of the Circuit Judge sustaining the demurrer, and his subsequent denials of plaintiff's motions to amend and to introduce testimony, shall not be prejudiced by the order.

Unquestionably the order of Judge Hudson was appealable; it did affect the merits. The appellant had two remedies the moment the Circuit Judge sustained this demurrer: First, to appeal directly from this order. If the Circuit Judge persisted in hearing the cause thereafter, if this court sustained the appeal, the action of the Circuit Judge thereafter the appeal would have been nugatory. *Capell* v. *Moses,* 36 S. C., 559. Secondly. The exceptions of the appellant to Judge Hudson's orders sustaining the demurrer, and his rulings on motions to amend, would have been reserved until the whole case was determined, and on an appeal from the final judgment, these exceptions to interlocutory orders would be heard. *McCrady* v. *Jones,* 36 S. C., 136, and cases there cited. Just now, however, by the appellant having procured this order transferring the action for trial in Florence County, he has made his grounds of appeal raise speculative questions. This being so, this court has held repeatedly it will not entertain such an appeal. *Ex parte Perira,* 6 Rich., 150; *State* v. *Gathers,* 15 S. C., 372; *Aultman* v. *Utsey,* 35 *Id.,* 596; *Cantwell* v. *Williams,* 35 *Id.,* 602.

It follows, therefore, that the appeal must be dismissed, but without prejudice to any future use of the grounds thereof by the appellant.